

1  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
2  WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
3  750 B Street, Suite 2770
   San Diego, CA 92101
4  Telephone: 619/239-4599
   Facsimile:  619/234-4599
5
6  RANDALL S. NEWMAN (190547)
   rsn@randallnewman.net
7  RANDALL S. NEWMAN PC
   37 Wall Street, Penthouse D
8  New York, NY 10005
   Telephone: 212/797-3737
9  Facsimile:  212/797-3172

10

11 Attorneys for Plaintiff

12 [Additional counsel appear on signature page.]

13                UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                     WESTERN DIVISION

16 ROBERT SIEGEL, On Behalf Of      Case No.    CV13-  4418 GHK (MRWx)
   Himself And All Others Similarly
17 Situated,
18                                )  COMPLAINT FOR DECLARATORY
                                  )  JUDGMENT; INJUNCTIVE AND
19              Plaintiff,        )  DECLARATORY RELIEF; AND
                                  )  DAMAGES FOR:  (1)  INVALIDITY
20 v.                             )  OF COPYRIGHT UNDER THE
                                  )  COPYRIGHT ACT (17 U.S.C. §§ 101
21                                )  et seq.); AND (2)  VIOLATIONS OF
   WARNER/CHAPPELL MUSIC,         )  CALIFORNIA UNFAIR
22 INC.,                          )  COMPETITION LAWS (Cal. Bus. &
                                  )  Prof. Code §§ 17200 et seq.)
23              Defendant.        )
24                                )
                                  )
25                                )  CLASS ACTION
26                                )
                                  )  DEMAND FOR JURY TRIAL
27 _____)

28

Plaintiff Robert Siegel ("Siegel"), on behalf of himself and all others similarly situated, by his undersigned attorneys, as and for his Class Action Complaint against defendant Warner/Chappell Music, Inc. ("Warner/Chappell"), alleges as follows:

## JURISDICTION AND VENUE

1.    The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 with respect to claims seeking declaratory and other relief arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the entire case or controversy.

2.    The Court has personal jurisdiction and venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this Judicial District where defendant Warner/Chappell's principal place of business is located and where Warner/Chappell regularly conducts business and may be found.

## INTRODUCTION

3.    This is an action to declare invalid the copyright that defendant Warner/Chappell claims to own to the world's most popular song, *Happy Birthday to You* (the "Song"), to declare that *Happy Birthday to You* is dedicated to public use and in the public domain; and to return millions of dollars of unlawful licensing fees collected by defendant Warner/Chappell pursuant to its wrongful assertion of copyright ownership of the Song.

4.    According to the United States Copyright Office ("Copyright Office"), a "*musical composition* consists of music, including any accompanying words, and is normally registered as a work of the performing arts."  Copyright Office Circular 56A, "Copyright Registration of Musical Compositions and Sound Recordings," at 1 (Feb. 2012) (available at www.copyright.gov/circs/circ.56a.pdf).  The author of a musical composition generally is the composer, and the lyricist (if a different

person).  *Id*.

5.     More than 120 years after the melody to which the simple lyrics of *Happy Birthday to You* is set was first published, defendant Warner/Chappell boldly, but wrongfully and unlawfully, insists that it owns the copyright to *Happy Birthday to You*, and with that copyright the exclusive right to authorize the song's reproduction, distribution, and public performances pursuant to federal copyright law.  Defendant Warner/Chappell either has silenced those wishing to record or perform *Happy Birthday to You*, or has extracted millions of dollars in unlawful licensing fees from those unwilling or unable to challenge its ownership claims.

6.     Irrefutable documentary evidence, some dating back to 1893, shows that the copyright to *Happy Birthday to You*, if there ever was a valid copyright to any part of the song, expired no later than 1921 and that if defendant Warner/Chappell owns any rights to *Happy Birthday to You*, those rights are limited to the extremely narrow right to reproduce and distribute specific piano arrangements for the song published in 1935.  Significantly, no court has ever adjudicated the validity or scope of the defendant's claimed interest in *Happy Birthday to You*, nor in the song's melody or lyrics, which are themselves independent works.

7.     Plaintiff Siegel, on behalf of himself and all others similarly situated, seeks a declaration that *Happy Birthday to You* is dedicated to public use and is in the public domain as well as monetary damages and restitution of all the unlawful licensing fees that defendant Warner/Chappell improperly collected from Siegel and all other Class members.

## **PARTIES**

8.     Plaintiff Robert Siegel is the assignee of BIG FAN PRODUCTIONS, INC. ("BIG FAN"), an inactive New York corporation.  Mr. Siegel is a resident of New York, New York.  Under a claim of copyright by defendant Warner/Chappell, on or about September 1, 2009, BIG FAN paid to defendant Warner/Chappell the

sum of $3,000 for a film synchronization and performance license to use *Happy Birthday to You*, as alleged more fully herein.  Plaintiff Siegel, the then-President of BIG FAN, is the assignee of BIG FAN's rights and claims, including those pertaining to the license, as provided for pursuant to Paragraph 7 of the Film Synchronization and Performance License ("Synchronization License") between Warner/Chappell and BIG FAN, entered into on or about July 20, 2009.

9.     Defendant Warner/Chappell is a Delaware corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025.  Warner/Chappell regularly conducts business within this Judicial District, where it may be found.

## FACTUAL BACKGROUND

### *Good Morning to All and the Popular Adoption of Happy Birthday to You*

10.     Sometime prior to 1893, Mildred J. Hill ("Mildred Hill") and her sister Patty Smith Hill ("Patty Hill") (Mildred and Patty Hill are collectively referred to as the "Hill Sisters") authored a written manuscript containing sheet music for 73 songs composed or arranged by Mildred Hill, with words written and adapted by Patty Hill.

11.     The manuscript included *Good Morning to All*, a song written by the Hill Sisters.

12.     On or about February 1, 1893, the Hill Sisters sold and assigned all their right, title, and interest in the written manuscript to Clayton F. Summy ("Summy") in exchange for 10 percent of retail sales of the manuscript.  The sale included the song *Good Morning to All*.

13.     In or around 1893, Summy published the Hill Sisters' written manuscript with an introduction by Anna E. Bryan ("Bryan") in a songbook titled *Song Stories for the Kindergarten*.  *Song Stories for the Kindergarten* included the song *Good Morning to All*.

- 3 -

14.     On or about October 16, 1893, Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for *Song Stories for the Kindergarten*.

15.     On the October 16, 1893, copyright application, Summy claimed to be the copyright's proprietor, but not the author of the copyrighted works.

16.     *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1893, by Clayton F. Summy."

17.     As proprietor of the 1893 copyright in *Song Stories for the Kindergarten*, Summy owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

18.     The lyrics to *Good Morning to All* are:

Good morning to you

Good morning to you

Good morning dear children

Good morning to all.

19.     The lyrics to *Happy Birthday to You* are set to the melody from the song *Good Morning to All*.  As nearly everyone knows, the lyrics to *Happy Birthday to You* are:

Happy Birthday to You

Happy Birthday to You

Happy Birthday dear [NAME]

Happy Birthday to You.

20.     The lyrics to *Happy Birthday to You* were **not** published in *Song Stories for the Kindergarten*.

21.     On or about January 14, 1895, Summy incorporated the Clayton F. Summy Co. ("Summy Co.") under the laws of the State of Illinois for a limited term of 25 years.

22.    In 1896, Summy published a new, revised, illustrated, and enlarged version of *Song Stories for the Kindergarten*, which contained eight previously unpublished songs written by the Hill Sisters as well as illustrations by Margaret Byers.

23.    On or about June 18, 1896, Summy filed a copyright application (Reg. No. 34260) with the Copyright Office for the 1896 publication of *Song Stories for the Kindergarten*.

24.    On its June 18, 1896, copyright application, Summy again claimed to be the copyright's proprietor, but (again) not the author of the copyrighted works.

25.    The 1896 version of *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1896, by Clayton F. Summy."

26.    As proprietor of the 1896 copyright in the revised *Song Stories for the Kindergarten*, Summy owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

27.    The lyrics to *Happy Birthday to You* were **not** published in the 1896 version of *Song Stories for the Kindergarten*.

28.    In 1899, Summy Co. published 17 songs from the 1893 version of *Song Stories for the Kindergarten* in a songbook titled *Song Stories for the Sunday School*.  One of those songs included in *Song Stories for the Sunday School* was *Good Morning to All*.

29.    On or about March 20, 1899, Summy Co. filed a copyright application (Reg. No. 20441) with the Copyright Office for *Song Stories for the Sunday School*.

30.    On the 1899 copyright application, Summy Co. claimed to be the copyright's proprietor, but not the author of the copyrighted works.

31.     The title page to *Song Stories for the Sunday School* states:

This collection of songs has been published in response to earnest requests from various sources.  They are taken from the book, *Song Stories for the Kindergarten* by the MISSES HILL, and **are the**

*copyright property of the publishers*.  (Emphasis added).

32.    *Song Stories for the Sunday School* bears a copyright notice reading "Copyright 1899 by Clayton F. Summy Co."

33.    As proprietor of the 1899 copyright in *Song Stories for the Sunday School*, Summy Co. owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

34.    The lyrics to *Happy Birthday to You* were **not** published in *Song Stories for the Sunday School*.

35.    Even though the lyrics to *Happy Birthday to You* and the song *Happy Birthday to You* had not been fixed in a tangible medium of expression, the public began singing *Happy Birthday to You* no later than the early 1900s.

36.    For example, in the January 1901 edition of *Inland Educator and Indiana School Journal*, the article entitled "First Grade Opening Exercises" described children singing the words "happy birthday to you," but did not print the song's lyrics or melody.

37.    In or about February, 1907, Summy Co. republished the song *Good Morning to All* as an individual musical composition.

38.    On or about February 7, 1907, Summy Co. filed a copyright application (Reg. No. 142468) with the Copyright Office for the song *Good Morning to All*.

39.    The lyrics to *Happy Birthday to You* do **not** appear in the 1907 publication of *Good Morning to All*.

40.    In 1907, Fleming H. Revell Co. ("Revell") published the book *Tell Me a True Story*, arranged by Mary Stewart, which instructed readers to:

> Sing: "Good-bye to you, good-bye to you, good-bye dear children, good-bye to you."  Also: "Good-bye dear teacher."  (From "Song Stories for the Sunday-School," published by Summy & Co.)
>
> Sing: "Happy Birthday to You."  (Music same as "Good-bye to

You.")

41.     On or about May 18, 1909, Revell filed an application (Reg. No. A239690) with the Copyright Office for *Tell Me a True Story*.

42.     *Tell Me a True Story* did **not** include the lyrics to *Happy Birthday to You*.

43.     Upon information and belief, the lyrics to *Happy Birthday to You* (without the sheet music for the melody) were first published in 1911 by the Board of Sunday Schools of the Methodist Episcopal Church ("Board of Sunday Schools") in *The Elementary Worker and His Work*, by Alice Jacobs and Ermina Chester Lincoln, as follows:

> Happy birthday to you, Happy birthday to you, Happy birthday, dear John, Happy birthday to you.  (Sung to the same tune as the "Good Morning") [NOTE: The songs and exercises referred to in this program may be found in these books:... "Song Stories for the Sunday School," by Patty Hill.]

44.     On or about January 6, 1912, the Board of Sunday Schools filed a copyright application (Reg. No. A303752) with the Copyright Office for *The Elementary Worker and His Work*.

45.     *The Elementary Worker and His Work* attributed authorship or identified the copyrights to many of the works included in the book.  Significantly, it did **not** attribute authorship or identify any copyright for the song *Happy Birthday to You*.

46.     On or about January 14, 1920, Summy Co. was dissolved in accordance with its limited (not perpetual) 25-year term of incorporation.  Summy Co. did not extend or renew the 1899 (Reg. No. 20441) or 1907 (Reg. No. 142468) copyrights prior to its dissolution.

47.     Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights

to the original and revised *Song Stories for the Kindergarten* were vested solely in their proprietor, Summy.

48.    Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to *Song Stories for the Sunday School* and *Good Morning to All* were vested solely in their proprietor, Summy Co.

49.    The copyright to the original *Song Stories for the Kindergarten* (Reg. No. 45997) was not extended by Summy, and consequently expired on October 16, 1921.  *Song Stories for the Kindergarten*, including the song *Good Morning to All*, became dedicated to public use and fell into the public domain by no later than that date.

50.    The copyright to the revised *Song Stories for the Kindergarten* (Reg. No. 34260) was not extended by Summy, and consequently expired on June 18, 1924.  The revised *Song Stories for the Kindergarten* became dedicated to public use and fell into the public domain by no later than that date.

51.    In or around March 1924, the sheet music (with accompanying lyrics) to *Happy Birthday to You* was in a songbook titled *Harvest Hymns*, published, compiled, and edited by Robert H. Coleman ("Coleman").  Upon information and belief, *Harvest Hymns* was the first time the melody and lyrics of *Happy Birthday to You* were published together.

52.    Coleman did not claim authorship of the song entitled *Good Morning to You* or the lyrics to *Happy Birthday to You*.  Although *Harvest Hymns* attributed authorship or identified the copyrights to many of the works included in the book, it did ***not*** attribute authorship or identify any copyright for *Good Morning to You* or *Happy Birthday to You*.

53.    On or about March 4, 1924, Coleman filed a copyright application (Reg. No. A777586) with the Copyright Office for *Harvest Hymns*.  On or about February 11, 1952, the copyright was renewed (Reg. No. R90447) by the Sunday School Board of the Southern Baptist Convention.

54.     On or about April 15, 1925, Summy incorporated a new Clayton F. Summy Co. ("Summy Co. II") under the laws of the State of Illinois.   Upon information and belief, Summy Co. II was not a successor to Summy Co.; rather, it was incorporated as a new corporation.

55.     The sheet music (with accompanying lyrics) to *Happy Birthday to You* was again published in 1928 in the compilation *Children's Praise and Worship*, compiled and edited by A.L. Byers, Bessie L. Byrum, and Anna E. Koglin ("Byers, Byrum & Koglin").   Upon information and belief, *Children's Praise and Worship* was the first time the song was published under the title *Happy Birthday to You*.

56.     On or about April 7, 1928, Gospel Trumpet Co. ("Gospel") filed a copyright application (Reg. No. A1068883) with the Copyright Office for *Children's Praise and Worship*.

57.     *Children's Praise and Worship* attributed authorship or identified the copyrights to many of the works included in the book.   Significantly, it did ***not*** attribute authorship or identify any copyright for the song *Happy Birthday to You*.

58.     *Children's Praise and Worship* did not provide any copyright notice for the combination of *Good Morning to All* with the lyrics to *Happy Birthday to You*, nor did it include the names of Mildred Hill or Patty Hill and did not attribute any authorship or ownership to the Hill Sisters.

59.     Upon information and belief, the Hill Sisters had not fixed the lyrics to *Happy Birthday to You* or the song *Happy Birthday to You* in a tangible medium of expression, if ever, at any time before Gospel published *Children's Praise and Worship* in 1928.

60.     Upon information and belief, Summy sold Summy Co. II to John F. Sengstack ("Sengstack") in or around 1930.

61.     Upon information and belief, on or about August 31, 1931, Sengstack incorporated a third Clayton F. Summy Co. ("Summy Co. III") under the laws of the State of Delaware.   Upon information and belief, Summy Co. III was not a

successor to Summy Co. or Summy Co. II; rather, it was incorporated as a new corporation.

62.     On May 17, 1933, Summy Co. II was dissolved for failure to pay taxes.

63.     On July 28, 1933, *Happy Birthday to You* was used in the world's first singing telegram.

64.     On September 30, 1933, the Broadway show *As Thousands Cheer*, produced by Sam Harris with music and lyrics written by Irving Berlin, began using the song *Happy Birthday to You* in public performances.

65.     On August 14, 1934, Jessica Hill, a sister of Mildred and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned *Hill v. Harris*, Eq. No. 78-350, claiming that the performance of *Happy to Birthday to You* in *As Thousands Cheer* infringed on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good Morning to All*.

66.     On January 21, 1935, Jessica Hill commenced an action against the Federal Broadcasting Corp. in the Southern District of New York, captioned *Hill v. Federal Broadcasting Corp.*, Eq. No. 79-312, claiming infringement on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good Morning to All*.

67.     In 1934 and 1935, Jessica Hill sold and assigned to Summy Co. III certain piano arrangements of *Good Morning to All*, including publishing, public performance, and mechanical reproduction rights, copyright, and extension of copyright in exchange for a percentage of the retail sales revenue from the sheet music.

68.     On or about December 29, 1934, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter

(Reg. No. E45655) with the Copyright Office for the song *Happy Birthday*.

69.     In that December 1934 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Preston Ware Orem ("Orem") and claimed the copyrighted new matter as "arrangement by piano solo."

70.     The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E45655.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

71.     The work registered with the Copyright Office as Reg. No. E45655 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

72.     On or about February 18, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E46661) with the Copyright Office for the song *Happy Birthday*.

73.     In that February 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for four hands at one piano."

74.     The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E46661.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

75.     The work registered with the Copyright Office as Reg. No. E46661 was not eligible for federal copyright protection in that it consisted entirely of

information that was common property and contained no original authorship, except as to the arrangement itself.

76.  On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47439) with the Copyright Office for the song *Happy Birthday*.

77.  In that April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement of second piano part."

78.  The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47439.   The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

79.  The work registered with the Copyright Office as Reg. No. E47439 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

80.  On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47440) with the Copyright Office for the song *Happy Birthday*.

81.  In that additional April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for six hands at one piano."

82.  The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47440.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

83.   The work registered with the Copyright Office as Reg. No. E47440 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

84.   On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51988) with the Copyright Office for *Happy Birthday to You*.

85.   In that December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by R.R. Forman ("Forman") and claimed the copyrighted new matter as "arrangement for Unison Chorus and revised text."  The sheet music deposited with the application credited Forman only for the arrangement, not for any lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday to You*.

86.   The lyrics to *Happy Birthday to You*, including a second verse as the revised text, were included on the work registered with the Copyright Office as Reg. No. E51988.  However, the December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

87.   The work registered with the Copyright Office as Reg. No. E51988 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

88.   The work registered as Reg. No. E51988 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish that work.

89.   On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg.

No. E51990) with the Copyright Office for *Happy Birthday to You*.

90.    In that additional December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement as easy piano solo, with text." The sheet music deposited with the application credited Orem only for the arrangement, not for any lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday to You*.

91.    The lyrics to *Happy Birthday to You* were included on the work registered with the Copyright Office as Reg. No. E51990.  However, the additional December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters, did not contain the names of either of the Hill Sisters, and did not claim any copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

92.    The work registered with the Copyright Office as Reg. No. E51990 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

93.    The work registered as Reg. No. E51990 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish that work.

94.    In or about February, 1938, Summy Co. III purported to grant to the American Society of Composers, Authors and Publishers ("ASCAP") the right to license *Happy Birthday to You* for public performances and to collect fees for such use on behalf of Summy Co. III.  ASCAP thus began working as agent for Summy Co. III in collecting fees for Summy Co. III for licensing *Happy Birthday to You*.

95.    On October 15, 1942, The Hill Foundation commenced an action against Summy Co. III in the Southern District of New York, captioned *The Hill*

*Foundation, Inc. v. Clayton F. Summy Co.*, Case No. 19-377, for an accounting of the royalties received by it for the licensing of *Happy Birthday to You*. The Hill Foundation asserted claims under the 1893, 1896, 1899, and 1907 copyrights for *Good Morning to All* and did ***not*** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

96. On March 2, 1943, The Hill Foundation commenced an action against the Postal Telegraph Cable Company in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Case No. 20-439, for infringement of the Hill Sisters' purported 1893, 1896, and 1899 copyrights to *Good Morning to All*. The Hill Foundation asserted claims only under the 1893, 1896, and 1899 copyrights for *Good Morning to All* and did ***not*** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

97. Despite the filing of four prior cases in the Southern District of New York asserting copyrights to *Good Morning to All*, there has been no judicial determination of the validity or scope of any copyright related to *Good Morning to All*.

98. In or about 1957, Summy Co. III changed its name to Summy-Birchard Company.

99. In 1962, Summy Co. III (renamed as Summy-Birchard Company) filed renewals for each of the six registrations it obtained in 1934 and 1935 (Reg. Nos. E45655, E46661, E47439, E47440, E51988, and E51990), each renewal was specifically and expressly confined to the musical arrangements.

100. In particular, on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51988, as employer for hire of Forman. Forman did not write the lyrics to *Happy Birthday to You* or the combination of those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III nor defendant Warner/Chappell has claimed otherwise.

101.   Also on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51990, as employer for hire of Orem.  Orem did not write the lyrics to *Happy Birthday to You* or the combination of those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III nor defendant Warner/Chappell has claimed otherwise.

102.   Summy-Birchard Company was renamed Birch Tree Ltd. in the 1970s and was acquired by Warner/Chappell in or about 1998.

***Happy Birthday to You – 100 Years Later***

103.   According to a 1999 press release by ASCAP, *Happy Birthday to You* was the most popular song of the 20th Century.

104.   The 1998 edition of the *Guinness Book of World Records* identified *Happy Birthday to You* as the most recognized song in the English language.

105.   Defendant Warner/Chappell currently claims it owns the exclusive copyright to *Happy Birthday to You* based on the piano arrangements that Summy Co. III published in 1935.

106.   BIG FAN produced a movie titled *Big Fan*.

107.   In one of the scenes in *Big Fan*, the song *Happy Birthday to You* was sung.

108.   During the production process, Plaintiff Siegel learned that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*.

109.   Accordingly, in July 2009, Plaintiff Siegel requested a quote from Warner/Chappell for a Synchronization License to use *Happy Birthday to You* in *Big Fan*.

110.   On or about July 20, 2009, defendant Warner/Chappell responded to plaintiff Siegel's inquiry by demanding that BIG FAN pay it the sum of $3,000 and enter into a Synchronization License for use of *Happy Birthday to You*.

111.   Because Defendant Warner/Chappell notified Plaintiff Siegel that it claimed exclusive copyright ownership of *Happy Birthday to You*, BIG FAN faced a

statutory penalty of $150,000 under the Copyright Act, 17 U.S.C. § 101 *et seq*. if it used the song without Warner/Chappell's permission and Warner/Chappell, in fact, owned the copyright that it claimed.

112.   On July 20, 2009, Plaintiff Siegel as President of BIG FAN executed the Synchronization License with Warner/Chappell and agreed to pay $3,000  on *Big Fan* being released theatrically.

113.   Faced with a threat of substantial penalties for copyright infringement, on or about September 1, 2009, BIG FAN, by plaintiff Siegel, was forced to, and did, pay defendant Warner/Chappell the sum of $3,000 for the Synchronization License of *Happy Birthday to You*.

**CLASS ALLEGATIONS**

114.   Plaintiff Siegel brings this action under Federal Rules of Civil Procedure 23(a) and (b) as a class action on behalf of himself and all others similarly situated for the purpose of asserting the claims alleged in this Complaint on a common basis.

115.   The proposed Class is comprised of:

> **All persons or entities (excluding Warner/Chappell's directors, officers, employees, and affiliates) who entered into a license with Warner/Chappell, or paid Warner/Chappell, directly or indirectly through its agents, a licensing fee for the song *Happy Birthday to You* at any time from June 18, 2009, until Warner/Chappell's conduct as alleged herein has ceased.**

116.   Although Plaintiff Siegel does not know the exact size of the Class or the identities of all members of the Class, upon information and belief that information can be readily obtained from the books and records of defendant Warner/Chappell.  Plaintiff believes that the Class includes thousands of persons or entities who are widely geographically disbursed.  Thus, the proposed Class is so

1   numerous that joinder of all members is impracticable.

2       117.   The claims of all members of the Class involve common questions of

3   law and fact including:

4       a.   whether *Happy Birthday to You* is in the public domain and dedicated

5            to public use;

6       b.   whether Warner/Chappell is the exclusive owner of the copyright to

7            *Happy Birthday to You* and is thus entitled to all of the rights conferred

8            in 17 U.S.C. § 102;

9       c.   whether Warner/Chappell has the right to collect fees for the use of

10           *Happy Birthday to You*;

11      d.   whether Warner/Chappell has violated the law by demanding and

12           collecting fees for the use of *Happy Birthday to You* despite not having

13           a valid copyright to the song; and

14      e.   whether Warner/Chappell is required to return unlawfully obtained

15           payments to plaintiff Siegel and the other members of the Class and, if

16           so, what amount is to be returned.

17      118.   With respect to Claim III, the common questions of law and fact

18   predominate over any potential individual issues.

19      119.   Plaintiff Siegel's claims are typical of the claims of all other members

20   of the Class and plaintiff Siegel's interests do not conflict with the interests of any

21   other member of the Class, in that plaintiff and the other members of the Class were

22   subjected to the same unlawful conduct.

23      120.   Plaintiff Siegel is committed to the vigorous prosecution of this action

24   and has retained competent legal counsel experienced in class action and complex

25   litigation.

26      121.   Plaintiff is an adequate representative of the Class and, together with its

27   attorneys, is able to and will fairly and adequately protect the interests of the Class

28   and its members.

122.   A class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein.  Joinder of all members of the Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class to pursue separate claims.

123.   Moreover, the prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

124.   Plaintiff Siegel anticipates no difficulty in the management of this litigation as a class action.

## FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

**(On Behalf Of Plaintiff And The Class)**

**(Against Defendant Warner/Chappell)**

125.   Plaintiff Siegel repeats and realleges paragraphs 1 through 124 set forth above as though they were fully set forth herein.

126.   Plaintiff Siegel brings this claim individually on his own behalf and on behalf of the proposed Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

127.   Plaintiff Siegel seeks adjudication of an actual controversy arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., in connection with defendant Warner/Chappell's purported copyright claim to *Happy Birthday to You*.  Plaintiff seeks the Court's declaration that the Copyright Act does not bestow upon Warner/Chappell the rights it has asserted and enforced against plaintiff Siegel and the other members of the Class.

128.   Defendant Warner/Chappell demanded that plaintiff Siegel enter into a Synchronization License agreement to use *Happy Birthday to You* and pay Warner/Chappell the sum of $3,000 for that Synchronization License as a matter of right based upon its claim of copyright ownership.  Warner/Chappell's demand was

coercive in nature, and BIG FAN'S entering into the Synchronization License and payment of $3,000 was involuntary.

129. Plaintiff Siegel's claim presents a justiciable controversy because plaintiff Siegel's agreement to pay defendant Warner/Chappell and its actual **payment** to Warner/Chappell for use of the song *Happy Birthday to You* in its film *Big Fan*, was the involuntary result of Warner/Chappell's assertion of a copyright and the risk that plaintiff Siegel would be exposed to substantial statutory penalties under the Copyright Act had it failed to enter such an agreement and pay Warner/Chappell the price it demanded, but then used the Song in its film anyway.

130. Plaintiff Siegel seeks the Court's determination as to whether defendant Warner/Chappell is entitled to assert ownership of the copyright to *Happy Birthday to You* against Siegel pursuant to the Copyright Act as Warner/Chappell claims, or whether Warner/Chappell is wielding a false claim of ownership to inhibit plaintiff Siegel's use and enjoyment (and the public's use and enjoyment) of intellectual property which is rightfully in the public domain.

131. If and to the extent that defendant Warner/Chappell relies upon the 1893, 1896, 1899, or 1907 copyrights for the melody for *Good Morning to All*, those copyrights expired or were forfeited as alleged herein.

132. As alleged above, the 1893 and 1896 copyrights to the original and revised versions of *Song Stories for the Kindergarten*, which contained the song *Good Morning to All*, were not renewed by Summy and accordingly expired in 1921 and 1924, respectively.

133. As alleged above, the 1899 copyright to *Song Stories for the Sunday School*, which contained *Good Morning to All*, and the 1907 copyright to *Good Morning to All* were not renewed by Summy Co. before its expiration in 1920 and accordingly expired in 1927 and 1935, respectively.

134. The 1893, 1896, 1899, and 1907 copyrights to *Good Morning to All* were forfeited by the republication of *Good Morning to All* in 1921 without proper

notice of its original 1893 copyright.

135.   The copyright to *Good Morning to All* expired in 1921 because the 1893 copyright to *Song Stories for the Kindergarten* was not properly renewed.

136.   The piano arrangements for *Happy Birthday to You* published by Summy Co. III in 1935 (Reg. Nos. E51988 and E51990) were not eligible for federal copyright protection because those works did not contain original works of authorship, except to the extent of the piano arrangements themselves.

137.   The 1934 and 1935 copyrights pertained only to the piano arrangements, not to the melody or lyrics of the song *Happy Birthday to You*.

138.   The registration certificates for *The Elementary Worker and His Work* in 1912, *Harvest Hymns* in 1924, and *Children's Praise and Worship* in 1928, which did not attribute authorship of the lyrics to *Happy Birthday to You* to anyone, are *prima facie* evidence that the lyrics were not authored by the Hill Sisters.

139.   If declaratory relief is not granted, defendant Warner/Chappell will continue wrongfully to assert the exclusive copyright to *Happy Birthday to You* at least until 2030, when the current term of the copyright expires under existing copyright law.

140.   Plaintiff therefore requests a declaration that:

(a)      defendant Warner/Chappell does not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly perform, *Happy Birthday To You*;

(b)      Warner/Chappell does not own the exclusive right to demand or grant a license for use of *Happy Birthday To You*; and

(c)      *Happy Birthday to You* is in the public domain and is dedicated to the public use.

**SECOND CLAIM FOR RELIEF**

**UPON ENTRY OF DECLARATORY JUDGMENT**

**DECLARATORY AND INJUNCTIVE RELIEF**

**PURSUANT TO 28 U.S.C § 2202**

**(On Behalf of Plaintiff and the Class)**

**(Against Defendant Warner/Chappell)**

141.   Plaintiff Siegel repeats and realleges paragraphs 1 through 140 set forth above as though they were fully set forth herein.

142.   Plaintiff Siegel brings this claim individually on its own behalf and on behalf of the Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

143.   Under 28 U.S.C. § 2202 empowers this Court to grant, "necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

144.   Plaintiff Siegel and the other proposed Class members have been harmed, and defendant Warner/Chappell has been unjustly enriched, by Warner/Chappell's takings.

145.   Plaintiff Siegel seeks relief for itself and the other members of the proposed Class upon the entry of declaratory judgment upon Claim I, as follows:

(a)   an injunction to prevent defendant Warner/Chappell from making further representations of ownership of the copyright to *Happy Birthday To You*;

(b)   restitution to plaintiff Siegel and the other Class members of license fees paid to defendant Warner/Chappell, directly or indirectly through its agents, in connection with the purported licenses it granted to Siegel and the other Class members;

///

- 22 -

(c)     an accounting for all monetary benefits obtained by defendant Warner/Chappell, directly or indirectly through its agents, from plaintiff Siegel and the other Class members in connection with its claim to ownership of the copyright to *Happy Birthday to You*; and

(d)     such other further and proper relief as this Court sees fit.

### THIRD CLAIM FOR RELIEF

### UNFAIR BUSINESS ACTS AND PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.*

### (On Behalf of Plaintiff and the Class)

### (Against Defendant Warner/Chappell)

146.   Plaintiff Siegel repeats and realleges paragraphs 1 through 124 set forth above as though they were fully set forth herein.

147.   Plaintiff Siegel brings this claim individually on his own behalf and on behalf of the Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

148.   As alleged herein, plaintiff Siegel and the other Class members have paid licensing fees to defendant Warner/Chappell and have therefore suffered injury in fact and have lost money or property as a result of defendant Warner/Chappell's conduct.

149.   California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.* ("UCL"), prohibits any unlawful or unfair business act or practice.

150.   UCL § 17200 further prohibits any fraudulent business act or practice.

151.   Defendant Warner/Chappell's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were unfair, false, misleading, and likely to deceive the consuming public within the meaning of UCL §§ 17200, 17500.

152.  Defendant Warner/Chappell's conduct in exerting control over exclusive copyright ownership to *Happy Birthday to You* to extract licensing fees is

deceptive and misleading because Warner/Chappell does not own the rights to *Happy Birthday to You*.

153.   Plaintiff Siegel and the other members of the Class have, in fact, been deceived as a result of their reasonable reliance upon defendant Warner/Chappell's materially false and misleading statements and omissions, as alleged above.

154.   As a result of defendant Warner/Chappell's unfair and fraudulent acts and practices as alleged above, plaintiff Siegel and the other Class members have suffered substantial monetary injuries.

155.   Plaintiff Siegel and the other Class members reserve the right to allege other violations of law which constitute other unfair or deceptive business acts or practices. Such conduct is ongoing and continues to this date.

156.   As a result of its deception, defendant Warner/Chappell has been able to reap unjust revenue and profit.

157.   Upon information and belief, defendant Warner/Chappell has collected and continues to collect at least $2 million per year in licensing fees for *Happy Birthday to You*.  Therefore, the amount in controversy exceeds $5 million in the aggregate.

158.   Unless restrained and enjoined, defendant Warner/Chappell will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

159.   Plaintiff Siegel, individually on its own behalf and on behalf of the other members of the Class, seeks restitution and disgorgement of all money obtained from plaintiff and the other members of the Class, collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with UCL § 17203.

## **DEMAND FOR JURY TRIAL**

160.   Plaintiff Siegel hereby demands a trial by jury to the extent that the allegations herein are triable by jury under Federal Rules of Civil Procedure 38-39.

**PRAYER RELIEF**

**WHEREFORE**, plaintiff Siegel, on behalf of himself and the other members of the Class, prays for judgment against defendant Warner/Chappell as follows:

A.     certifying the Class as requested herein;

B.     declaring that the song *Happy Birthday to You* is not protected by federal copyright law, is dedicated to public use, and is in the public domain;

C.     permanently enjoining defendant Warner/Chappell from asserting any copyright to the song *Happy Birthday to You*;

D.     permanently enjoining defendant Warner/Chappell from charging or collecting any licensing or other fees for use of the song *Happy Birthday to You*;

E.     imposing a constructive trust upon the money defendant Warner/Chappell unlawfully collected from plaintiff Siegel and the other members of the Class for use of the song *Happy Birthday to You*;

F.     ordering defendant Warner/Chappell to return to plaintiff Siegel and the other members of the Class all the licensing or other fees it has collected from them, directly or indirectly through its agents, for use of the song *Happy Birthday to You*, together with interest thereon;

G.     awarding plaintiff Siegel and the other members of the Class restitution for Warner/Chappell's prior acts and practices;

H.     awarding plaintiff Siegel and the Class reasonable attorneys' fees and costs; and

I.     granting such other and further relief as the Court deems just and proper.

Dated: June 18, 2013                    WOLF HALDENSTEIN ADLER
                                        FREEMAN & HERZ LLP


                                        BETSY C. MANIFOLD

1    FRANCIS M. GREGOREK
     BETSY C. MANIFOLD
2    RACHELE R. RICKERT
3    MARISA C. LIVESAY
     750 B Street, Suite 2770
4    San Diego, CA 92101
5    Telephone:  619/239-4599
     Facsimile:  619/234-4599
6    gregorek@whafh.com
7    manifold@whafh.com
     rickert@whafh.com
8    livesay@whafh.com
9
10   WOLF HALDENSTEIN ADLER
       FREEMAN & HERZ LLP
11   MARK C. RIFKIN
12   JANINE POLLACK
     BETH A. LANDES
13   GITI BAGHBAN
14   270 Madison Avenue
15   New York, NY  10016
     Telephone:   212/545-4600
16   Facsimile:   212-545-4753
17   rifkin@whafh.com
     pollack@whafh.com
18   landes@whafh.com
19   baghban@whafh.com
20
     RANDALL S. NEWMAN PC
21   RANDALL S. NEWMAN (SBN 190547)
22   37 Wall Street, Penthouse D
     New York, NY 10005
23   Telephone:  212/797-3737
24   Facsimile:  212/797-3172
     rsn@randallnewman.net
25
26
     Attorneys for Plaintiff
27

28   WARNER:19981.complaint

- 26 -